UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JENNIFER SAMSON                                CIVIL ACTION

VERSUS                                         NUMBER: 22-4111

SOCIAL SECURITY ADMINISTRATION                 SECTION "A" (5)

## REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion for Summary Judgment (rec. doc. 10) and Defendant's Motion to Reverse and Remand. (Rec. doc. 11). Plaintiff opposes the Motion to Reverse and Remand. (Rec. doc. 13). On March 9, 2023, this Court ordered Defendant to file a response to Plaintiff's opposition, (rec. doc. 16), and Defendant complied with that order. (Rec. doc. 17). Having reviewed the pleadings and the case law, the Court recommends as follows.

## I.    Background

Plaintiff, Jennifer Samson, filed an application for Disability Insurance Benefits ("DIB") on July 30, 2020, alleging a disability onset date of March 15, 2020. (Adm. Rec. at 193). After initial and reconsideration level denials, (*id.* at 107-111), Plaintiff and a vocational expert ("VE") testified at an oral hearing before an Administrative Law Judge ("ALJ") on January 7, 2022. (*Id.* at 36-65). On March 1, 2022, the ALJ issued a partially favorable decision, finding Plaintiff disabled from March 15, 2020 through December 31, 2021. (*Id.* at 13-35). However, the ALJ also concluded that Plaintiff had reached medical improvement on January 1, 2022, (*Id.* at 31), and could perform her past relevant work as a server as of that date. (*Id.* at 34). The Appeals Council then denied a request for review on

September 1, 2022.  (*Id.* at 1-7).  Having exhausted her administrative remedies, Plaintiff brought this civil action requesting judicial review under 42 U.S.C. § 405(g).

On January 30, 2023, Plaintiff filed her motion for summary judgment.  (Rec. doc. 10). On March 3, 2023, Defendant filed its motion to reverse and remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Rec. doc. 11). On March 7, 2023, Plaintiff filed her opposition to the motion to reverse and remand, (rec. doc. 13), and Defendant filed its response on March 10, 2023.  (Rec. doc. 17).

## II.    Law and Analysis

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence."  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Sentence-six remands may be ordered in only two situations: (1) when the Secretary requests a remand before answering the complaint, or (2) when new, material evidence is adduced that was for good cause not presented before the agency. *Shalala v. Schaefer*, 509 U.S. 292, 297 n. 2 (1993).  In this case, Defendant seeks remand under sentence four, which authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing" based on the pleadings and transcript of the record.  42 U.S.C. § 405(g); *Coder v. Kijakazi*, No. CV 22-29, 2022 WL 4074592, at *1-2 (E.D. La. Aug. 17, 2022), *report and recommendation adopted*, No. CV 22-29, 2022 WL 4016737 (E.D. La. Sept. 2, 2022).

Reversal of Defendant's decision and remand for further proceedings is appropriate under sentence four of 42 U.S.C. § 405(g) when the record is insufficient to support Defendant's conclusions and further fact-finding is necessary.  *See* 42 U.S.C. § 405(g); *Shalala*, 509 U.S. at 297 (stating that a district court remanding a case pursuant to sentence four of

the Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner); *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (holding that sentence four provides the appropriate relief when the evidence on the record is insufficient to support the Commissioner's conclusions and further fact-finding is necessary).  A sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner.  *Melkonyan*, 501 U.S. at 98.  Thus, a request to remand for further administrative proceedings, like the remand requested in Defendant's motion, is a fourth sentence remand under section 405(g) and requires that the court enter a decision, which in this case is a requested reversal.  *See Sullivan*, 496 U.S. at 625-26 (finding that sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).

Plaintiff opposes a remand under sentence four because the ALJ's conclusion that Plaintiff attained medical improvement on January 1, 2022 is "based on an outright falsehood," (rec. doc. 13 at p. 2), that Plaintiff had reentered the workforce after her alleged disability onset date.  Accordingly, Plaintiff argues that a remand for an award and calculation of benefits is specifically appropriate here.  (*Id.*).  In other word, Plaintiff seeks no further administrative proceedings but only a determination of DIB.

In its response to Plaintiff's opposition, Defendant maintains that remand is required for further administrative action based on the VE's testimony that Plaintiff's job as a server equated to past relevant work.  (Adm. Rec. at 29, 61).  Defendant contends that further administrative proceedings are necessary to determine if Plaintiff has any work experience that qualifies as past relevant work.  (Rec. doc. 17 at p. 2).  If Plaintiff has past relevant work,

Defendant argues that VE testimony is needed to evaluate the physical and mental demands of the past relevant work in accordance with the applicable regulations and Social Security Rulings. (*Id.*). Defendant maintains that because there are factual issues yet to be resolved in this case, remand for further administrative proceedings is the appropriate remedy in this case.

The Supreme Court has held that the proper course in cases such as this, except in rare circumstances, is to remand to the agency for further proceedings. *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16 (2002). The Court finds that Defendant has established good cause to remand this lawsuit for further proceedings in light of the issues that surround Plaintiff's past relevant work. The Social Security regulations define past relevant work as work that (1) has been performed within 15 years, (2) was substantial gainful activity, and (3) lasted long enough for the claimant to learn to do it. *See* 20 C.F.R. §§ 404.1560(b)(1). Here, the record evidence indicates that the server job may not qualify as past relevant work because Plaintiff may not have performed this job at substantial gainful activity levels. *Id.*; (Adm. Rec. at at 197-198). Accordingly, the Court finds that further administrative proceedings will benefit the determination of whether Plaintiff has any work experience that qualifies as past relevant work. Moreover, additional testimony from the VE may be required to determine whether the job of server qualifies as Plaintiff's past relevant work, and if it does not, such testimony may be needed to determine whether Plaintiff has the residual functional capacity to perform any past relevant work.

Plaintiff's argument that the ALJ's opinion was "based on an outright falsehood" does not alter this Court's conclusion. This Court has reviewed the ALJ's opinion and finds that while the ALJ mentioned that Plaintiff had reentered the workforce after her alleged

4

disability onset date, the ALJ also relied on objective medical evidence to reach her conclusion that Plaintiff had reached maximum medical improvement. (Adm. Rec. at 26-28). The Court thus does not find "uncontroverted evidence" in the record that would warrant a remand for an immediate award of benefits. *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986). There are still factual disputes in the record should the ALJ's recollection of the administrative hearing be faulty. Indeed, remand will allow the ALJ to clarify and/or rectify the record as needed. This Court has held, in line with Fifth Circuit precedent, that it may not reweigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for that of the ALJ, even if the evidence preponderates against the ALJ's decision. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Conflicts in the evidence are for the ALJ and not the courts to resolve. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). Remanding for a determination of DIB would require this Court to do precisely that – weigh the evidence and make factual determinations that are best left for the VE and the ALJ.

## III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Reverse and Remand (rec. doc. 11) be **GRANTED**, that Plaintiff's Motion for Summary Judgment (rec. doc. 10) be **DISMISSED AS MOOT**, that the ALJ's decision be **REVERSED**, that this matter be **REMANDED** for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g), and that judgment be entered dismissing this case.

NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __27th__ day of _____March_____, 2023.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**